IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                  PLAINTIFF/RESPONDENT

v.                    Civil No. 05-1078
                      Criminal No. 99-10009

TERRY DAVIS                                                        DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**Procedural Background:**

     Movant, Terry Davis, an inmate in the FCI - Yazoo City, Mississippi, has filed a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure (Doc. #147) with respect to the order of this court, entered on July 23, 2003, denying Davis' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. #133) Davis proceeds pro se.

     In 1999, Davis was convicted in this court of conspiracy to distribute cocaine. On September 8, 2000, he was sentenced to the applicable mandatory minimum sentence of 20 years imprisonment. (Doc. # 83, 85). On direct appeal the sentence was affirmed by the United States Court of Appeal for the Eighth Circuit. (Doc. #99)

     On May 2, 2002, Davis filed herein a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.§2255. (Doc. #101) This motion was denied by this court by order entered on July 23, 2003. (Doc. #133) On August 8, 2003, Davis filed a motion for certificate of appealability (Doc.. #134) which was denied on September 2, 2003. (Doc. #140)

     After Davis filed his motion for certificate of appealability, he filed a pro se Motion to Alter or Amend Judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure. (Doc. #136) Prior to disposition of the Motion to Alter or Amend Judgment, the United States Court of Appeals for

the Eighth Circuit denied Davis' application for a certificate of appealability and dismissed Davis' appeal. (Doc. #143) This court then proceeded to deny the motion to alter or amend judgment by order entered on May 6, 2004. (Doc. #145)

On September 8, 2005, Davis filed the motion for relief from judgment now before the court. (Doc. #147) On October 5, 2005 the undersigned entered an order requiring Davis to clarify his motion. (Doc. #148) In compliance with this order, on October 26, 2005, Davis filed a document clarifying the allegations of his motion for relief from judgment. (Doc. #149)

**Discussion:**

In his motion for relief from judgment Davis alleges that, in ruling upon his §2255 motion, this court "failed to address ... [a] claim that his counsel's failure to contest the validity of the prior conviction used to enhance his sentence ... denied him his Sixth Amendment Right to the effective assistance of counsel." (Doc. #147, p.2) By order entered on October 5, 2005, the undersigned directed Davis to submit written clarification specifically pointing out where, in his §2255 motion, he raised such a claim. (Doc. #148)

By written "clarification" filed on October 26, 2005 Davis concedes that "he did not raise the claim of his counsel's failure to contest the validity of the prior conviction used to enhance his sentence..." in his §2255 motion. (Doc. #149) Nevertheless, Davis asserts that this court should allow this claim as an amendment to his §2255 motion and asks the court to consider the claim on its merits. (Doc. #149) This court cannot comply with this request.

This court lacks jurisdiction to consider a second or successive § 2255 motion absent authorization from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2255 (movant must obtain leave from the appropriate court of appeals authorizing the district court to

consider a second or successive § 2255 application); *Rodgers v. United States*, 229 F.3d 704, 705 (8th Cir. 2000)(A second or successive motion must be certified as provided in §2244 by a panel of the appropriate court of appeals); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(Only the Court of Appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D. Ark 1996) (citing *Nunez*).

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. §2244(b)(3) for filing a second or successive §2254 or §2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) *citing United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002)(per curiam)(collecting cases).

By means of his pending Rule 60(b) motion for relief from judgment, Davis admittedly asks this court to consider an additional claim not raised in his earlier §2255 motion to vacate, set aside or correct sentence. Accordingly, it is an effort to file a successive motion for postconviction relief. As such, the motion must be denied because Davis has not obtained authorization from the United States Court of Appeals for the Eighth Circuit to file such a second and successive application. *United States v. Lambros*, 404 F.3d at 1037 (where Rule 60(b) motion was, in reality, an effort to file successive motions for postconviction relief, motion was properly denied where movant did not have authorization from the Court of Appeals).

As this court lacks jurisdiction to consider Movant's pending second §2255 motion absent authorization from the Court of Appeals, this court may take no further action in this matter and the pending motion is subject to dismissal. *United States v. Avila-Avila*, 132 F.2d 1347, 1348-49 (10th Cir. 1997) (district court lacks jurisdiction to consider a successive petition absent authorization from the appropriate court of appeals).

-3-

Further, we find that evidentiary hearing is not required in this case as the motion and record herein reveal that dismissal of the motion is appropriate. *Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts* (if it appears that an evidentiary hearing is not required the judge shall make such disposition of the petition as justice shall require); *see also Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir. 1991).

## Conclusion:

Since Movant's current motion may not be considered by this court by virtue of the provisions of 28 U.S.C. §§ 2244 and 2255, we recommend that the motion be dismissed without prejudice to refiling if Movant obtains the necessary order of the United States Court of Appeals for the Eighth Circuit.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 8th day of November 2005.

/s/ Bobby E. Shepherd  
HON. BOBBY E. SHEPHERD  
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)