**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

UNITED STATES OF AMERICA　　　　　　　　　　　　　PLAINITFF/RESPONDENT

VS.　　　　　　　　　　Civil No. 05-1078
　　　　　　　　　　　　Criminal No. 99-10009

TERRY DAVIS　　　　　　　　　　　　　　　　　　　DEFENDANT/MOVANT

## ORDER

Before the Court is the Report and Recommendation filed November 8, 2005, by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. 150). Defendant/Movant Terry Davis (hereinafter "Davis") has timely filed his objections to the Report and Recommendation. (Doc. 151). The Court finds this matter ripe for consideration.

Davis was convicted in 1999 in this Court of conspiracy to distribute cocaine and was sentenced to 20 years' imprisonment. This sentence was appealed to and affirmed by the Eighth Circuit. On May 2, 2002, Davis filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, which this Court denied on July 23, 2003. Davis filed a motion for a certificate of appealability of this order, which was denied on September 2, 2003. Davis appealed the denial of his certificate of appealability to the Eighth Circuit Court of Appeals, which denied his petition on April 8, 2004. Before the Eighth Circuit entered its judgment on his certificate of appeability, Davis filed in this Court a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). This motion was denied by this Court on May 6, 2004. Now before the Court is Davis' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), filed on September 8, 2005.

Judge Shepherd found that Davis argues in his motion for relief that the Court failed to address a claim that his counsel's failure to contest the validity of the prior conviction used to enhance his sentence denied him his Sixth Amendment Right to the effective assistance of

counsel. Davis concedes that he did not raise this claim in his prior § 2255 motion. Judge Shepherd found that the Court lacked jurisdiction to consider a second or successive § 2255 motion absent authorization from the Eighth Circuit. Finding no such authorization, Judge Shepherd recommends the dismissal of Davis' claims without prejudice to refiling, should Davis obtain the necessary authorization.

After reviewing the record *de novo*, the Court adopts the Report and Recommendation as its own. Section 2255 provides that a second or subsequent motion for relief under § 2255 must be certified by the appropriate court of appeals, pursuant to the requirements of 28 U.S.C. § 2244. Further, an inmate cannot bypass the requirements of certification for filing a § 2254 or § 2255 action by purporting to invoke some other procedure. United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005)(citations and quotations omitteed). In his motion, Davis asserts that he is seeking relief from this Court's judgment because it failed to address all the issues he raised for habeas relief, specifically, his counsel's failure to contest the validity of his prior conviction. Although styled as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), Davis' motion for relief is nothing more than a successive motion for postconviction habeas relief. Accordingly, Davis' motion is hereby **dismissed without prejudice to refiling** if Davis obtains the necessary order of the United States Court of Appeals for the Eighth Circuit.

**IT IS SO ORDERED** this 6th day of January, 2006.

                /s/ Harry F. Barnes
                Hon. Harry F. Barnes
                U.S. District Judge